IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSHUA ALLEN BAGGETT | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv121 |
| WARDEN, FCI BEAUMONT LOW | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joshua Allen Baggett, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Additionally, the Eleventh Circuit, joining the Tenth Circuit, held that "a change in caselaw does not make a motion to vacate a prisoner's sentence

'inadequate or ineffective to test the legality of his detention,' 28 U.S.C. § 2255(e)." *McCarthan v. Dir. of Goodwill Indus-Suncoast, Inc.*, 851 F. 3d 1076, 1086 (11th Cir. 2017) (overruling *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657 (11th Cir. 2014); *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013)). "Allowing a prisoner to use the saving[s] clause to bring a statutory claim in a habeas petition circumvents the bar on successive petitions. It does away with the one-year statute of limitations ... [and] renders the process for obtaining permission to file a second or successive motion ... a nullity." *Id.* at 1091. Accordingly, the petition should be dismissed.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **26** day of **June, 2017.**

_____
Thad Heartfield
United States District Judge